IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL ACTION NO

ERIC ROSARIO,          )
        Plaintiff,    )
                      )
                      )
    v.            )
                      )
OLD NAVY, LLC          )
                      )
        Defendant.    )
_____   )

**COMPLAINT**
**JURY TRIAL DEMANDED**

ERIC ROSARIO, by counsel, sues the Defendant OLD NAVY LLC and for his Complaint alleges:

NATURE OF THE ACTION

This is an action under the Americans with Disabilities Act of 1990 and under the Florida Civil Rights Act to correct unlawful disability-based employment practices and to provide relief to Plaintiff ERIC ROSARIO who was adversely affected by such practices. As alleged with greater specificity below, Defendant, OLD NAVY, LLC subjected Plaintiff ERIC ROSARIO to disability discrimination and retaliation for opposing said discrimination.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This action is authorized and instituted pursuant to Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), 42 U.S.C. § 12112(a), and 29 C.F.R. § 1630.4. The Court has supplemental jurisdiction over the claims arising under the Florida Civil Rights Act.

2. The unlawful employment practices alleged in this Complaint were committed within the jurisdiction of the United States District Court for the Southern District of Florida. Therefore, in accordance with 28 U.S.C. §1391, venue is appropriate in this Court.

PARTIES

3. Plaintiff, ERIC ROSARIO ("Plaintiff" or "ROSARIO"), is an employee of Defendant OLD NAVY, LLC ("OLD NAVY" or "Defendant"), resides in Miami-Dade County, Florida and the cause of action accrued in the jurisdiction of the United States District Court for the Southern District of Florida.

4. Defendant, OLD NAVY, LLC is a Delaware emitted liability company operating retail clothing stores in Miami-Dade County, Florida and employed ROSARIO.

5. At all relevant times, Defendant has continuously been doing business in the State of Florida and employs in excess of 500 persons.

6. At all relevant times, Defendant has continuously been an employer within the meaning of 42 U.S.C. § 12111(5)(A) and Fla. Stat. § 760.02(7). At all relevant times, Defendant has been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

CONDITIONS PRECEDENT

8. ROSARIO has exhausted all the requisite administrative remedies prior to bringing this action. Specifically, but not as a limitation, ROSARIO timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant. Pursuant to a work sharing agreement, the Charge was dual filed with the Florida Commission on Human Relations ("FCHR").

9. The EEOC sent Plaintiff a Notice of Right to Sue on or about May 15, 2020. ROSARIO timely commenced this action. As to the claims arising under the Florida Civil Rights Act, more than one hundred eighty days has passed and the Florida Commission on Human Relations has not issued either a "cause" or "no cause" finding.

STATEMENT OF FACTS

10. During all times material, Plaintiff ERIC ROSARIO is a disabled individual who is legally blind.

11. ROSARIO began employment with Defendant on or about September 2011.

12. ROSARIO was hired by Defendant as a sales associate at Defendant's Miami International Mall store location.

13. During approximately 2014, ROSARIO overheard supervisor Juana say that ROSARIO would never be promoted due to his aforementioned disability.

14. During approximately 2015, ROSARIO was given the key holder position. That position required ROSARIO to do the following: let customers into Defendant's store, supervise the unloading of delivery trucks containing store items, and to confirm that store products were placed properly in the store.

15. ROSARIO received no complaints regarding his performance as a key holder.

16. ROSARIO held the key holder position for approximately four months.

17. During approximately 2016, a manager, Rosaimee, went on maternity leave. Rather than promote ROSARIO to that position, ROSARIO's co-worker, Idania Ramos, was promoted to manager while Rosaimee was on leave.

18. Idania Ramos was far less experienced than ROSARIO, and Ms. Ramos was not disabled.

19. Afterwards, ROSARIO started seeing co-workers, such as Reny Cedeno, getting promoted above sales associate despite working for Defendant for less than two years.

20. Those co-workers, such as Reny Cedeno, were unaware of any higher job position openings.  Instead, they were told by Defendant's management that an opening was forthcoming and management told said co-workers to apply to the higher job positions and that they will get the positions once applied for.

21. Due to his disability, managers, such as Jenny Perez, never told ROSARIO about any job openings that were forthcoming and never recommended that he apply for higher job positions.

22. During 2017, a co-worker, Eslover Sanchez-Baquero, told ERIC that he overheard manager Yaneya Rodriguez say, "ERIC wasn't going to get that position." Yaneya Rodriguez was referring to a Grade 3 position that ROSARIO was interested in.

23. That Grade 3 position was given to ROSARIO's co-worker, Daniel, who was far less experienced than ROSARIO and Daniel was not disabled.

24. During 2017, ROSARIO then made a complaint to Defendant's human resources department for disability discrimination.

25. During 2017, ROSARIO never received a response from Defendant's human resources department.

26. Instead, district manager Teresa called and spoke to ROSARIO about his disability discrimination complaint.

27. Teresa told ROSARIO that a manager at Defendant's Palm Springs Mile store in Hialeah ("Hialeah store") was going on maternity leave, so Teresa asked ROSARIO to transfer to the Hialeah store while that manager was on leave. The premise being that if ROSARIO performs well in a managerial position, then he could get a merchandiser position at that Hialeah store or another store.

28. However, Teresa deceived ROSARIO: there was no manager going on maternity leave at the Hialeah store. Teresa lied to ROSARIO in order to get ROSARIO to transfer to the Hialeah store because he is disabled.

29. Enrique Victorero is the general manager, and Lester is the assistant manager of the Hialeah store.

30. At Defendant's Hialeah store, ROSARIO received far less work hours.

31. At Defendant's Hialeah store, ROSARIO was regulated to not being seen on the store floor and instead he mainly unloaded trucks in the back of the store.

32. ROSARIO then applied to a Grade 7 merchant position and did not receive it due to being disabled.

33. Generally, employees that don't receive a promotion he or she applied for are put on an Action Plan so that the employee will likely get the position the next time he or she applies.

Mr. ROSARIO has never been put on an Action Plan despite being an employee for Defendant since approximately September 2011.

34. At all times material, Juana, Reny Cedeno, Jenny Perez, Eslover Sanchez-Baquero, Yaneya Rodriguez, Daniel, Idania Ramos, Rosaimee, Edsel Lopez, general manager Jessica, Defendant's human resources department, Teresa, Enrique Victorero, Lester, the district manager of the Hialeah store, hiring manager of the Hialeah store, district manager of the Miami International Mall store, and hiring manager of the Miami International Mall store, were acting within the scope of their employment with Defendant.

### COUNT I
### DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
**(Failure to Promote)**

35. The allegations set forth in Paragraphs 1 through 34 are re-alleged as if fully set forth herein.

36. ROSARIO is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he is legally blind, Defendant perceives him to have a disability, he has the requisite education to perform and can perform the essential functions of a Grade 7 merchant, and desired to hold a position as a Grade 7 merchant.

37. ROSARIO is an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

38. Prior to and at the time that Defendant failed to promote ROSARIO to a Grade 7 merchant position he applied for, ROSARIO was qualified for the Grade 7 merchant position.

39. Defendant's discriminatory actions include: (1) limiting, segregating, or classifying ROSARIO in a way that adversely affected his opportunities or status because of his disability within the meaning of 42 U.S.C. § 12112(b)(1); (2) utilizing standards, criteria, or

methods of administration that have the effect of discrimination on the basis of disability within the meaning of 42 U.S.C. § 12112(b)(3)(A); and (3) using qualification standards, employment tests, or other selection criteria that screened out or tended to screen out individuals with vision disabilities, despite the fact that doing so was not consistent with business necessity, within the meaning of 42 U.S.C. § 12112(b)(6).

40. ROSARIO has been damaged by Defendant's violation of the ADA inasmuch as ROSARIO has been unable to use his education and training as a Grade 7 merchant, and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

41. ROSARIO is entitled to her attorneys' fees and costs and any and all relief permitted under the ADA.

WHEREFORE Plaintiff ERIC ROSARIO demands judgment against Defendant for compensatory damages, back wages, front pay, interest, emotional distress, punitive damages, costs and attorneys' fees.

## COUNT II
### DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
**(Retaliation)**
**(Reduction in hours)**

42. The allegations set forth in Paragraphs 1 through 34 are re-alleged as if fully set forth herein.

43. ROSARIO is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he is legally blind, Defendant perceives him to have a disability, he has the requisite education

to perform and can perform the essential functions of job positions above sales associate at Defendant.

44. ROSARIO is an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

45. Defendant, in violation of the ADA, prevented ROSARIO from being promoted due to his disability. ROSARIO opposed such disability discrimination by contacting Defendant's human resources department with a disability discrimination complaint.

46. Defendant's subsequent reduction of ROSARIO's work hours was retaliation for ROSARIO's opposition to disability discrimination.

47. Defendant's subsequent reduction of ROSARIO's work hours constitutes a violation of the ADA.

48. As a direct result of the aforesaid unlawful retaliatory reduction of ROSARIO's work hours by the Defendant in violation of the ADA, ROSARIO sustained permanent and irreparable harm which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

49. As a further direct result of the aforesaid unlawful retaliatory reduction of ROSARIO's work hours by the Defendant in violation of the ADA, ROSARIO suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE Plaintiff ERIC ROSARIO demands judgment against Defendant for compensatory damages, back wages, front pay, interest, emotional distress, punitive damages, costs and attorneys' fees.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA
**(Retaliation)**

**(Transfer to Hialeah store)**

50. The allegations set forth in Paragraphs 1 through 34 are re-alleged as if fully set forth herein.

51. ROSARIO is a qualified individual within the meaning of 42 U.S.C. § 12111(8) in that he is legally blind, Defendant perceives him to have a disability, he has the requisite education to perform and can perform the essential functions of job positions above sales associate at Defendant.

52. ROSARIO is an employee of Defendant within the meaning of 42 U.S.C. § 12111(4).

53. Defendant, in violation of the ADA, prevented ROSARIO from being promoted due to his disability. ROSARIO opposed such disability discrimination by contacting Defendant's human resources department with a disability discrimination complaint.

54. Teresa told ROSARIO that a manager at Defendant's Hialeah store was going on maternity leave, so Teresa asked ROSARIO to transfer to the Hialeah store while that manager was on leave. The premise being that if ROSARIO performs well, then he could get a merchandiser position at that Hialeah store or another store.

55. However, Teresa deceived ROSARIO: there was no manager going on maternity leave. Teresa lied to ROSARIO in order to cause ROSARIO to transfer to the Hialeah store.

56. ROSARIO found Teresa's aforementioned deception materially adverse and dissuaded him from initially making or supporting a charge of discrimination.

57. A reasonable employee would have found Teresa's aforementioned deception to be materially adverse and would have dissuaded a reasonable worker from making or supporting a charge of discrimination.

58. As a direct result of Teresa's aforementioned deception, ROSARIO sustained permanent and irreparable harm which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

59. As a direct result of Teresa's aforementioned deception, ROSARIO suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE Plaintiff ERIC ROSARIO demands judgment against Defendant for compensatory damages, back wages, front pay, interest, emotional distress, punitive damages, costs and attorneys' fees.

## COUNT IV
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA
### (Failure to Promote)

60. The allegations set forth in Paragraphs 1 through 34 are re-alleged as if fully set forth herein.

61. Defendant engaged in unlawful employment practices in violation of the Florida Civil Rights Act of 1992 ("FCRA") by failing to promote ROSARIO to the Grade 7 merchant position that he applied for.

62. ROSARIO is a qualified individual with a disability under the FCRA in that he is legally blind, Defendant perceives him to have a disability, he has the requisite education to perform and can perform the essential functions of a Grade 7 merchant and desired to hold a position as a Grade 7 merchant.

63. Prior to and at the time that Defendant failed to promote ROSARIO to a Grade 7 merchant position he applied for, ROSARIO was qualified for the Grade 7 merchant position.

64. Defendant's discriminatory actions include: (1) limiting, segregating, or classifying ROSARIO in a way that adversely affected his opportunities or status because of his disability in violation of the FCRA; (2) utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability in violation of the FCRA; and (3) using qualification standards, employment tests, or other selection criteria that screened out or tended to screen out individuals with vision disabilities, despite the fact that doing so was not consistent with business necessity in violation of the FCRA.

65. ROSARIO has been damaged by Defendant's violation of the FCRA inasmuch as ROSARIO has been unable to use his education and training as a Grade 7 merchant, and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

66. ROSARIO is entitled to his attorneys' fees and costs and any and all relief permitted under the FCRA.

WHEREFORE Plaintiff ERIC ROSARIO demands judgment against Defendant for compensatory damages, back wages, front pay, interest, emotional distress, punitive damages, costs and attorneys' fees.

## COUNT V
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA
**(Retaliation)**
**(Reduction in hours)**

67. The allegations set forth in Paragraphs 1 through 34 are re-alleged as if fully set forth herein.

68. ROSARIO is a qualified individual with a disability under the Florida Civil Rights Act of 1992 ("FCRA") in that he is legally blind, Defendant perceives him to have a disability, he has the requisite education to perform and can perform the essential functions of job positions above sales associate at Defendant.

69. Defendant, in violation of the FCRA, prevented ROSARIO from being promoted due to his disability. ROSARIO opposed such disability discrimination by contacting Defendant's human resources department with a disability discrimination complaint.

70. Defendant engaged in unlawful retaliatory employment practices in violation of the FCRA by reducing ROSARIO's work hours because he opposed Defendant's disability discrimination.

71. As a direct result of the aforesaid unlawful retaliatory reduction of ROSARIO's work hours by the Defendant in violation of the FCRA, ROSARIO sustained permanent and irreparable harm which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

72. As a further direct result of the aforesaid unlawful retaliatory reduction of ROSARIO's work hours by the Defendant in violation of the FCRA, ROSARIO suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE Plaintiff ERIC ROSARIO demands judgment against Defendant for compensatory damages, back wages, front pay, interest emotional distress, punitive damages, costs and attorneys' fees.

## COUNT VI
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA
### (Retaliation)
### (Transfer to Hialeah store)

73. The allegations set forth in Paragraphs 1 through 34 are re-alleged as if fully set forth herein.

74. ROSARIO is a qualified individual with a disability under the Florida Civil Rights Act of 1992 ("FCRA") in that he is legally blind, Defendant perceives him to have a disability, he has the requisite education to perform and can perform the essential functions of job positions above sales associate at Defendant.

75. Defendant, in violation of the FCRA, prevented ROSARIO from being promoted due to his disability. ROSARIO opposed such disability discrimination by contacting Defendant's human resources department with a disability discrimination complaint.

76. District manager Teresa told ROSARIO that a manager at Defendant's Hialeah store was going on maternity leave, so Teresa asked ROSARIO to transfer to the Hialeah store while that manager was on leave. The premise being that if ROSARIO performs well, then he could get a merchandiser position at that Hialeah store or another store.

77. However, Teresa deceived ROSARIO: there was no manager going on maternity leave. Teresa lied to ROSARIO in order to get Mr. ROSARIO to transfer to the Hialeah store.

78. ROSARIO found Teresa's aforementioned deception materially adverse and dissuaded him from initially making or supporting a charge of discrimination.

79. A reasonable employee would have found Teresa's aforementioned deception to be materially adverse and would have dissuaded a reasonable worker from making or supporting a charge of discrimination.

80. As a direct result of Teresa's aforementioned deception, ROSARIO sustained permanent and irreparable harm which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

81. As a direct result of Teresa's aforementioned deception, ROSARIO suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE Plaintiff ERIC ROSARIO demands judgment against Defendant for compensatory damages, back wages, front pay, interest, emotional distress, punitive damages, costs and attorneys' fees.

## JURY TRIAL DEMAND

Plaintiff ERIC ROSARIO demands a trial by jury on all issues so triable.

BY: */s/ G. Ware Cornell, Jr.*
G. Ware Cornell, Jr.
Fla. Bar. No. 203920
Cornell & Associates, P.A.
2645 Executive Park Drive
Weston, FL 33331
(954) 618-1041
ware@warecornell.com
brittne@warecornell.com

The Law Office of Nnamdi S. Jackson, P.A.
Nnamdi S. Jackson

        Fla. Bar No. 99804
        2645 Executive Park Drive, suite 340
        Weston, FL 33331
        (954) 670-1267
        njackson@nsjlawoffice.com

*Attorneys for Plaintiff*